IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 20, 2008 Session

## ALEX IKBARIAH AND I & K ENTERPRISES
v.
## DEBRA F. WILLIAMS

**An Appeal from the Chancery Court for Shelby County**
**No. CH 06-0824-1     Walter L. Evans, Chancellor**

_____

**No. W2008-00126-COA-R3-CV - Filed October 17, 2008**

_____

This appeal involves tort and breach of contract claims. The plaintiffs are franchisees of a restaurant chain. They filed this lawsuit against an individual employee of the franchise organization as well as other corporate defendants. The complaint set forth many theories of recovery, but asserted only an extortion claim against the individual employee. The trial court dismissed the extortion claim and, consequently, dismissed the employee from the lawsuit. The plaintiffs' claims against the corporate defendants remained pending. The plaintiffs filed this appeal of the trial court's order dismissing the claim against the individual employee. The plaintiffs were not given permission to file an interlocutory appeal, and the order from which the plaintiffs appeal was not designated as final under Tenn. R. Civ. P. 54.02. Thus, we find that the order from which the plaintiffs appeal was not a final order, and therefore dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed for Lack of Jurisdiction**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Roland W. Baggott, III, Nashville, Tennessee, for the appellants, Alex Ikbariah and I & K Enterprises.

H. Buckley Cole, Nashville, Tennessee, for the appellee, Debra F. Williams.

### OPINION

Plaintiff/Appellant Alex Ikbariah ("Ikbariah") is the sole shareholder of the Plaintiff/Appellant I & K Enterprises, Inc. ("I & K"). I & K owned a franchised International House of Pancakes ("IHOP") restaurant located in Memphis, Tennessee. On April 25, 2006, Ikbariah and I & K (collectively "Plaintiffs") filed this lawsuit against Defendant/Appellee Debra F. Williams ("Williams"), an IHOP field business consultant, as well as IHOP, IHOP Corp., and IHOP Properties, Inc. (collectively, "Defendants"). Apparently, Williams' job duties included inspecting

and evaluating restaurants such as the Plaintiffs' restaurant. The Plaintiffs' complaint alleged that Williams extorted money from Ikbariah and his business by demanding that he "loan" money to her. He complied with her demand "out of fear that she would arbitrarily, capriciously, and without basis, negatively review" his IHOP franchise. The complaint stated other claims against the corporate defendants, such as breach of contract, fraudulent inducement, and disparate treatment. The only claim asserted against Williams was the extortion claim.

On August 23, 2007, the Defendants filed a motion to dismiss the claim of extortion against Williams and to dismiss Williams from the lawsuit, arguing that Tennessee statutes provide no civil remedies for extortion. The trial court held a hearing on the Defendants' motion to dismiss. On December 17, 2007, the trial court entered an order granting the Defendants' motion, dismissing Williams from the lawsuit. The order did not address any of the remaining claims stated in the complaint.

The Plaintiffs did not seek permission to file an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, and did not ask the trial court to make the order a final adjudication pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. They simply filed a notice of appeal, seeking to appeal the trial court's December 17, 2007 order.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if an action includes multiple parties or multiple claims, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court has subject matter jurisdiction only over final orders. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

From our review of this record, it appears that the trial court has not yet adjudicated all of the Plaintiffs' claims as to all of the Defendants.[1] Because all of the claims have not been adjudicated, this Court would have jurisdiction to hear this appeal only if permission to file an interlocutory appeal had been granted pursuant to Rules 9 or 10 of the Tennessee Rules of Appellate Procedure, or if the order appealed had been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Neither was done.

Ikbariah and I & K have appealed an order that is not final. This leaves us without subject matter jurisdiction, and the appeal must be dismissed.

---

[1] At oral argument in this appeal, the attorneys indicated that the remaining claims against the remaining defendants are in the discovery phase of trial preparation.

Accordingly, the appeal is dismissed for lack of appellate jurisdiction. Costs on appeal are taxed to Appellants Alex Ikbariah and I & K Enterprises, Inc., and their surety, for which execution may issue, if necessary.

                                         _____

                                         HOLLY M. KIRBY, JUDGE